# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**DEMARQUS D. SENNET**     CIVIL ACTION NO. 6:17-CV-01185

**VS.**     SECTION P

     UNASSIGNED DISTRICT JUDGE

**ST. MARTIN PARISH CORRECTIONAL**     MAGISTRATE JUDGE HANNA
**FACILITY, ET AL**

## MEMORANDUM ORDER

The plaintiff, DeMarqus D. Sennet, filed this *pro se* and *in forma pauperis* complaint on September 1, 2017, pursuant to 42 U.S.C. §1983. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### *Background*

Plaintiff's original complaint [Rec. Doc. 6] and Amended Complaint [Rec. Doc. 10] make various allegations against numerous defendants in connection with his incarceration in both the St. Martin Parish Correctional Facility (SMPCF) and the Jefferson County (Texas) Correctional Facility (JCCF).

With respect to the conditions of confinement, plaintiff makes the following allegations: (1) wasn't allowed to shower regularly; (2) heater was turned on so he would become dehydrated; (3) he was locked in a cell with no running water or toilet and forced to urinate on the floor; (4) was forced to sleep on the floor; (5) was put in overcrowded cells; (6) was never let out on rooftop; (7) forced to shower in uncomfortable conditions; (8) he wasn't given a towel or toilet paper; and (9) he was not allowed to use the telephone.

He also makes claims that nurses and prison officials did not respond to his medical requests or grievances. However, he also references being sent to the hospital after he was jumped by two D.O.C. inmates [Rec. Doc. 6, p. 6], and for stomach issues on another occasion. [Rec. Doc. 10, p.2].

Plaintiff makes several claims of prison officials speaking poorly of him, that they "slandered' his name with inmates, told inmates he was a homosexual, portrayed him as a child molester/pedophile, had "federal inmates and DOC inmates form (sic) everywhere and spread my name wrong," "black balled [him] across the country," and portrayed him as bipolar/schizophrenic. [Rec. Doc. 6, pp. 6-7]

He further makes allegations of being denied access to court by prison officials who would not give him mail and/or court documents.

Finally, a considerable part of plaintiff's complaint consists of allegations against the defendants similar to the following: Defendants put cleaning supplies in the water forcing him to drink out of toilet, put blood thinners and sleeping pills in his food causing gastric problems for life, tampered with his trays causing extreme weight loss, would prematurely hang up phone calls so he would burn money on calls, would allow kitchen inmates to play with his food, causing his stomach to severely bleed every time he defecated, deputies would give inmates razors to try to cause him serious bodily harm, they tried to get inmates to rape him in a cell without cameras, put laxatives in his food so he couldn't gain weight, withheld toothpaste after he would notice that they were tampered with, put cleaning supplies in his peanut butter, poison in his red beans and rice, implanted a chip in his face, got an inmate with an STD to try and give him an STD, posted fake images of him on Facebook, put blood in his water and food, threatened a maximum sentence to anyone who helped

plaintiff, "set things up so Aryan Nation could brutally harm" him, set things up so that when he went to church inmates would kill him with weapons that jailors used.

With respect to certain claims, the Court needs additional detail, as discussed below.

## LAW AND ANALYSIS

*1. Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. This conclusion must be supported by specific factual allegations stating the following:

(1) the name(s) of <u>each</u> person who allegedly violated plaintiff's constitutional rights;

(2) a description of what actually occurred or what <u>each</u> defendant did to violate plaintiff's rights;

(3) the place and date(s) that <u>each</u> event occurred; and

(4) a description of the alleged injury sustained as a result of the alleged violation.

<u>Plaintiff has named numerous defendants. He should amend to comply with Rule 8 with respect to each</u>.

*2. Conditions of Confinement*

Plaintiff has alleged constitutional violations in connection with the conditions at both the SMPCF and the JCCF. The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with `the evolving standards of decency that mark the progress of a maturing society' . . . or which `involve the unnecessary and wanton

3

infliction of pain.'" *Estelle v. Gamble,* 429 U.S. 97, 102-103 (1976) (citations omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).

A state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones,* 641 F.2d 345, 346 (1981). Furthermore, the official must have acted with deliberate indifference to a known risk of harm to be liable under § 1983. An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994); *Jones v. Greninger,* 188 F.3d 322, 326 (5th Cir. 1999). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, TX,* 245 F.3d 447, 459 (5th Cir. 2001). The plaintiff must prove facts sufficient to show "at a minimum, that the prison officials realized there was imminent danger and have refused—consciously refused, knowingly refused—to do anything about it." *Campbell v. Greer,* 831 F.2d 700, 702 (7th Cir. 1987).

With respect to plaintiff's claim that he was not allowed to shower regularly, plaintiff is instructed to amend in accordance with Rule 8, above. Specifically, he should provide the Court with the name of the facility at which the violations occurred, name of the person or persons who

did not allow him to shower, the dates on which he was not allowed a shower, and a description of any alleged injury sustained as a result.

Plaintiff asserts that he was locked in cell with no running water or toilet and forced to urinate on the floor. He goes on to state that he got "bumps" on his body from the "filthy conditions." [Rec. Doc. 6, p. 6] He should amend to provide more details regarding the claim, i.e., the length of time he was in a cell with no running water or toilet, the reason he was in this cell, the name of the of the facility at which the violations occurred, name of the person or persons responsible for placing him in this cell, whether he sustained any injury, physical or emotional, from the time spent in this cell, (were the bumps a result of the time spent in this cell?) and any other factual allegations that would go toward an argument that his time in this cell deprived him of the "minimal measure of life's necessities," as required under the Eighth Amendment.

Plaintiff should also amend giving the same information requested above in relation to his claim that he was placed in crowded cells, as well as his claim that he was not given towels after a shower or toilet paper.

Finally, with respect to his claim that he was not allowed to use the telephone, plaintiff should amend to name the facility at which the violations occurred, the person or persons who would not allow him access to the telephone, the reasons he was denied access, whether he was denied access as a result of a disciplinary action, whether he was allowed other forms of communication, such as materials to write letters, the date/dates on which he was denied access, the length of time he was denied access, whether he was DENIED total access or rather, his use was restricted.

**3. Access to Courts**

Plaintiff alleges that court documents and mail were withheld from him. It is clearly established that prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821(1977). The Supreme Court has stated that this right of access "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Supreme Court has also viewed the right of access to the courts as one aspect of the First Amendment right to petition the government for grievances. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court. *See Wolff*, 418 U.S. at 576; *Bounds*, 430 U.S. at 828 (describing the right of access to the courts as requiring prison officials to provide prisoners with adequate law libraries or assistance from trained legal personnel); *cf. Houston v. Lack*, 487 U.S. 266, 270–76 (1988) (noting that prison authorities cannot take actions which delay the mailing of an inmate's legal papers when such a delay effectively denies the inmate's access to the courts).

Plaintiff should amend his complaint to name the facility at which the violations occurred and the person or persons who would not give him court documents or would withhold mail. He should specify what court documents he was not given and what mail was withheld from him. Finally, he should assert how he was prejudiced by these actions. *Biliski v. Harborth*, 55 F.3d 160 (5th Cir.1995).

**4. *Medical***

Finally, plaintiff makes vague allegations of denials of medical requests or grievances [Rec. Doc. 6, p. 5-6] and of ailments, including, "hurt to deficate (sic), " spit up blood," and "body would be in excrutiating (sic) pain." [Rec. Doc. 6, p. 7]

Medical care claims arise under the Eighth Amendment's prohibition against cruel and unusual punishment. Plaintiff's claim amounts to an Eighth Amendment violation only if he can establish deliberate indifference resulting in substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). The facts underlying a claim of deliberate indifference must clearly establish the serious medical need in question and the alleged indifference of the prison officials. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "[T]he plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id*. (internal quotation marks and citation omitted). "[M]ere negligence, neglect, or medical malpractice" do not constitute deliberate indifference. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Even "gross negligence" does not establish deliberate indifference. *Hernandez v. Tex. Dep't of Prot. and Reg. Servs.*, 380 F.3d 872, 882 (5th Cir. 2004). Plaintiff should amend to provide the name of the facility at which the violations occurred, name of the person or persons he alleges denied him medical care, the dates on which the denials occurred, a more detailed description of the constitutional violation(s) alleged, his medical condition, the treatment he claims that he was entitled to and the injuries and the harm

sustained as a result of the defendants' fault. Finally, he should demonstrate deliberate indifference on the part of each defendant.

Before this court determines the proper disposition of plaintiff's claims, plaintiff should be given the opportunity to remedy the deficiencies of his complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

**THE CLERK IS DIRECTED** to serve the plaintiff with a copy of this Order.

**IT IS ORDERED** that plaintiff amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims plaintiff is unable to cure through amendment.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3W.**

Signed this 9th day of January, 2018 at Lafayette, Louisiana.

                                        **PATRICK J. HANNA**
                            **UNITED STATES MAGISTRATE JUDGE**