UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DEMARQUS D SENNET**                    **CASE NO. 6:17-CV-01185 SEC P**

**VERSUS**                               **UNASSIGNED DISTRICT JUDGE**

**ST MARTIN PARISH**                     **MAGISTRATE JUDGE HANNA**
**CORRECTIONAL FACILITY ET**
**AL**

## REPORT AND RECOMMENDATION

Pro se plaintiff, DeMarqus D. Sennet, proceeding *in forma pauperis*, filed the instant complaint on September 1, 2017, pursuant to 42 U.S.C. §1983. His complaint alleges constitutional violations against numerous defendants stemming from his incarceration at the St. Martin Parish Correctional Facility and the Jefferson County (Texas) Correctional Facility. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Background

Plaintiff's original complaint [Rec. Doc. 6] and First Amended Complaint [Rec. Doc. 10] make various allegations against a copious amount of defendants in connection with his incarceration in both the St. Martin Parish Correctional Facility (SMPCF) and the Jefferson County (Texas) Correctional Facility (JCCF). He

complains of poor conditions of confinement and medical care beginning in July 2015. A considerable part of plaintiff's complaint consists of allegations against the defendants similar to the following: Defendants put cleaning supplies in the water forcing him to drink out of toilet, put blood thinners and sleeping pills in his food causing gastric problems for life, tampered with his trays causing extreme weight loss, would prematurely hang up phone calls so he would burn money on calls, would allow kitchen inmates to play with his food, causing his stomach to severely bleed every time he defecated, deputies would give inmates razors to try to cause him serious bodily harm, deputies tried to get inmates to rape him in a cell without cameras, put laxatives in his food so he couldn't gain weight, withheld toothpaste after he would notice that they were tampered with, put cleaning supplies in his peanut butter, poison in his red beans and rice, implanted a chip in his face, got an inmate with an STD to try and give him an STD, posted fake images of him on Facebook, put blood in his water and food, threatened a maximum sentence to anyone who helped plaintiff, "set things up so Aryan Nation could brutally harm" him, and arranged it so that when he went to church, inmates would kill him with weapons that jail officials used.

  On January 9, 2018, the Court ordered plaintiff to amend his complaint to provide facts which support the conclusion that his constitutional rights were violated by each named defendant.

## Claims

In his Amended Complaint [Rec. Doc. 12], plaintiff, narrowed his claims to incidents occurring during eight (8) specific time frames. The Court will address his claims as presented.

1. **July 3, 2015-September 9, 2015 September 9, 2015-November 12, 2015, January 7, 2016-May 11, 2016, and April 10, 2016-May 11, 2016**

Plaintiff alleges that while incarcerated at the SMPCF, he was jumped by two (2) inmates in July 2015, and that while being treated for his injuries, a chip was inserted into his face. He was then moved to Jefferson County Correctional Center and complains of multiple incidents that occurred at during his confinement at that facility and at SMPCF, through May 11, 2016.

2. **June 29, 2016-December 12, 2016**

Plaintiff asserts that during the time period between June 29, 2016, and December 12, 2016, he was served a tray of food by Anthony Baker and Seth Lagrange that "tasted like cleaning supplies." After throwing the tray on the floor and asking for a new one, they put him in isolation.

3. **August 13, 2016-October 23, 2016**

Following the food incident, plaintiff alleges that his stomach began to bleed. He alleges that Nurses Prad and Marie, who were supposed to test his stool, would flush it instead.

He also asserts that deputies falsified his court documents.

### 4. October 23, 2016-December 12, 2016

Plaintiff alleges that during this time period, deputies were giving inmates razors to harm him, that his food was being "played in," and he wasn't given medication after his hand was injured in an altercation. He also complains that he was not allowed to go on the roof top, despite the handbook stating that everyone is allowed to go on the rooftop at least one time per week.

### 5. January 2, 2017-June 1, 2017

Finally, plaintiff alleges that every day from January 2, 2017 through June 1, 2017, his food was tampered with and inmates were given razors by guards to harm him.

He asserts that on February 3, March 11 and March 29, he visited the dentist, who had to remove teeth. He alleges that there was some foreign substance put in the toothpaste and the food that caused his teeth to rot.

On March 15, 2017, he was sleeping in his dorm and was awakened by an inmate attacking him, cutting him with a razor given to him by a guard.

## Law and Analysis

### *1. Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim

upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory

5

allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

### 2. Prescribed Claims

All claims alleged to have occurred between July 2015 and May 2016 are prescribed. The Supreme Court has held that the statute of limitations for a §1983 action is the same as the general statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

With respect to plaintiff's claims of constitutional violations that occurred from July 31, 2015 to May 11, 2016, plaintiff was (or should have been) aware of all the facts necessary to know that his rights were violated by May 2017. The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff's complaint was filed in September 2017, clearly beyond the 1-year period of limitations and therefore, these claims are subject to being dismissed as frivolous.

### 3. *Delusional/Fanciful Claims*

The Court finds the remainder of plaintiff's claims to be subject to dismissal, as they are factually frivolous. Plaintiff's original and subsequent amended complaints contain laundry lists of grievances and conclusory allegations.

The United States Supreme Court has explained that contentions are "clearly baseless" if they are "fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotation marks and citations omitted).

Here, the absence of material facts regarding plaintiff's claims, coupled with the irrational or wholly incredible nature of his claims, supports a finding of factual

frivolousness. *Ancar v. Sara Plasma, Inc*., 964 F.2d 465, 468 (5th Cir. 1992). Plaintiff's allegations of a chip being implanted into his face, cleaning supplies and poison being put into his food, razors being given to other inmates to harm him, and medical staff ignoring serious injuries, among other contentions made in this lawsuit clearly meet that definition. Courts routinely consider such contentions so delusional as to warrant dismissal as frivolous. See, e.g., *Dodson v. Haley*, No. 16-6196, 2017 WL 3224485 (6th Cir. May 17, 2017) (dismissing as frivolous plaintiff's allegations that the defendants "installed 'eye cameras' and 'thought-processing devices'" in plaintiff's body to read his mail and monitor his food in order to tamper with it); *Manco v. Does*, 363 Fed. App'x 572, 575 (10th Cir. 2010) (dismissing as frivolous plaintiff's allegations that "prison officials implanted a radio frequency device in his body to track his movements and thoughts"); *Johnson v. Drug Enforcement Agency*, 137 Fed. App'x 680 (5th Cir. 2005) (dismissing as frivolous plaintiff's allegations that the DEA implanted a transmitter in his scalp); *Fernandez v. Huntsville Unit*, 2015 U.S. Dist. LEXIS 175224 (E.D. Tex. 2015) (dismissing as frivolous plaintiff's allegations that defendants planted devices and cameras in his body and are using electric devices to electrocute his body, and are trying to kill him by starvation and poisoning his food trays). Without any factual basis to support his pleadings, plaintiff's allegations rise to the level of altogether irrational or wholly incredible and should be dismissed as frivolous.

## **Conclusion**

Plaintiff's claims are either prescribed, fanciful, frivolous, or fail to state a claim for which relief may be granted. Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITH PREJUDICE** as prescribed, frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §1915.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 31st day of May, 2018.

_____
Patrick J. Hanna
United States Magistrate Judge